IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 03-35-1 |
| STEVEN ALLEN SCHWARTZ | |

## MEMORANDUM

Petitioner, Steven Allen Schwartz, makes his fifth Motion to reopen his Section 2255 habeas proceeding under Rule 60 of the Federal Rules of Civil Procedure. Schwartz argues several procedural and substantive grounds for relief; however, he has not obtained a Certificate of Appealability in order to bring a successive habeas claim. For the reasons detailed below, Schwartz's motion is denied and he is barred from filing any further motions.

### I. FACTS

Petitioner, Steven Allen Schwartz, is currently serving a term of imprisonment of 225 months, imposed by Judge Dalzell after a trial and conviction in this case, as well as a concurrent term of 18 months imposed by Judge Bartle in Docket No. 04-cr-00231. Because the Court write primarily for the benefit of the parties, who are familiar with the long procedural history of this case, a summary of the facts of this case is not necessary, except to the extent the facts involve the present motion.

On April 29, 2011, Schwartz filed a petition under 28 U.S.C. § 2255 to set aside his conviction. In it, he argued: (1) his stand-by trial counsel rendered ineffective assistance of counsel; (2) Judge Dalzell's conduct in the criminal case infringed on his constitutional rights; (3) the Government engaged in a pattern of misconduct; and (4) that he was actually innocent of

the charges. The Government filed an extensive opposition brief. *See* ECF 428. On November 18, 2011, Schwartz requested permission to file a reply brief. On November 30, 2011, Judge Dalzell ordered Schwartz to file a reply brief within six months. Instead, 5 and a half months later, on May 11, 2012, Schwartz filed a motion requesting an additional 120 days to file a Reply to the Government's because of ongoing medical problems and the complexity of his case. Judge Dalzell granted Schwartz's motion and set his reply date for September 18, 2012. On September 14, 2012, Schwartz filed a request for a second 120 day extension, relying, in part, on his various illnesses.

Judge Dalzell denied Schwartz's request for a second extension, ruling that since the issue had been briefed for a considerable amount of time, the "interests of justice weigh against the grant of further extensions in this matter. . . ." ECF No. 438. Instead of submitting a reply to the Government's brief, Schwartz filed a 62-page motion to reconsider Judge Dalzell's Order denying his extension. Schwartz filed two supplemental submissions, including one related to his medical problems. Judge Dalzell denied the motion for reconsideration. *See* ECF 447. In denying Schwartz's motion, Judge Dalzell noted that Schwartz was "active in litigating other matters" besides his § 2255 motion during the 300-day window afforded to file a reply brief." *Id.* Judge Dalzell also chastised Schwartz for purposefully misrepresenting the facts underlying his motion for an extension. That motion was based, in part, on his claim that his Section 2255 petition before Judge Bartle was still "pending," and he required an extension in order to litigate that case. However, Judge Bartle denied Schwartz's Section 2255 motion over three months before Schwartz's motion for an extension.

On February 20, 2013, Judge Dalzell denied Schwartz's Section 2255 petition, *see United States v. Schwartz*, 925 F. Supp. 2d 663 (E.D. Pa. 2013), rejecting, on the merits, Schwartz's

2

claims of ineffective assistance of counsel and actual innocence claims. Judge Dalzell also rejected, for procedural reasons, the claims that his conduct during trial infringed on Schwartz's constitutional rights and that the Government engaged in a pattern of abuse. Specifically, Judge Dalzell correctly observed that these issues could not be re-litigated in habeas proceedings because they had been litigated and decided adversely at Schwartz's trial and on direct appeal. *See Gov't of the Virgin Islands v. Nicolas*, 759 F.2d 1073, 1075 (3d Cir. 1985). Judge Dalzell declined to issue a certificate of appealability because Schwartz failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

Schwartz sought a certificate of appealiblity ("COA") in the Third Circuit in order to appeal the denial of his Section 2255 petition. He also appealed the Court's denial of his request for an extension of time to file reply and his request to amend his Section 2255 motion. On November 19, 2013, the Third Circuit declined to issue a COA and summarily affirmed Judge Dalzell's orders denying Schwartz's request for more time to file a reply to the Government's original Section 2255 opposition brief.

On June 26, 2015, Schwartz filed a motion under Rule 60(b) and Rule 54(b) of the Federal Rules of Civil Procedure to overturn the denial of his Section 2255 motion, which the Court denied. The Third Circuit declined to issue Schwartz a COA by Order dated November 1, 2016. *See United States v. Schwartz*, C.A. No. 15-3934, slip op. at 1-2 (3d Cir. November 1, 2016).

While his appeal of the denial of his first 60(b) motion was pending, Schwartz filed a second Rule 60(b) motion, asserting that when he requested to represent himself *pro se*, Judge Dalzell never informed him that he was waiving his right to challenge the effective assistance of his standby counsel. This Court denied Schwartz's motion and determined that the second Rule

3

60(b) motion was "actually a successive section 2255 motion" and therefore barred by the statute. *See* ECF 500.

Three days after this Court denied Schwartz's second Rule 60(b) motion, Schwartz filed a third one, raising claims this Court ruled were already "litigated on the merits during the proceedings on the section 2255 motion." *See* ECF 541. Schwartz filed a fourth Rule 60(b) motion one week after filing the third one, arguing that the Government "stole and concealed critical defense related materials." This Court denied both the Third and Fourth Rule 60(b) Motions and determined that both of these motions should be treated as "successive section 2255 motion[s]," which are not permitted without a COA.

While his Third and Fourth Rule 60(b) Motions were pending, Schwartz filed his Fifth Rule 60(b) Motion, which is the subject of the current dispute. In addition, Schwartz filed a Motion to Reconsider this Court's denial of his Third and Fourth Rule 60(b) Motions.

## II. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that a "court may relieve a party . . . from a final judgment" for any of the following reasons: (1) "mistake;" (2) "newly discovered evidence;" (3) "fraud;" (4) "the judgment is void;" (5) "the judgment has been satisfied; or (6) "for any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) Motion must be made "no more than a year after the entry of the judgment" in the case of the first three listed reasons. *Id.* Since Judge Dalzell denied Schwartz's Section 2255 petition on February 20, 2013, roughly 5 years ago, Schwartz must proceed under the sixth reason, which permits a 60(b) motion "for any other reason that justifies relief."

"The grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." *Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014)

4

The circumstances justifying granting a Rule 60(b)(6) motion "will rarely occur in the habeas context." *Gonzales v. Crosby*, 545 U.S. 524, 525 (2005). This is because, in 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which severely constrained the availability of habeas relief for prisoners. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). The relevant provisions of AEDPA provide that a second or successive habeas motion must be certified by a panel of the respective Court of Appeals and the petition must result from "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2253(h). The question is thus whether a Rule 60(b)(6) motion constitutes a successive habeas motion and therefore requires a COA.

The Supreme Court has explained that a Rule 60(b) motion should be considered as a successive habeas motion in most instances. For example, a Rule 60(b) motion cannot be used to present a new claim for relief or to present new evidence for a claim already litigated because permitting such motions would "circumvent the requirement that a successive habeas petition be precertified by the court of appeals. . . ." *Crosby*, 545 U.S. at 532. In *Crosby*, the Court held that a proper Rule 60(b) motion that follows an earlier section 2255 motion "attacks . . . some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (footnote omitted) (holding limited to section 2254 petitions); *see also, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015) (applying *Gonzalez* rationale in section 2255 context). In contrast, an improper Rule 60(b) motion "attacks the federal court's previous resolution of a claim *on the merits*." *Crosby*, 545 U.S. at 532 (emphasis in original). Thus, if granting the Rule 60(b) motion would require the Court to vacate the underlying conviction, it is an impermissible attack on the merits; in contrast, if granting the Rule 60(b) motion would require "reopening the federal habeas proceeding," the motion is a permissible attack on

5

procedural grounds. *Pridgen*, 380 F.3d at 727. *Cf. United States v. Andrews*, 463 F. App'x 169, 172 (3d Cir. 2012) ("[A] 60(b) motion that challenges a district court's failure to reach the merits of a petition based on the statute of limitations does *not* constitute a second or successive habeas petition.").

## A. Applying the *Crosby / Pridgen* Analysis

Schwartz's Fifth Rule 60(b) Motion argues seven independent grounds for relief. Applying the *Crosby/Pridgen* analysis to Schwartz's Fifth Rule 60(b) Motion, however, demonstrates that only one of those grounds is a proper basis for relief in the present motion. That argument concerns whether, due to Schwartz's illness in 2011, he should have been afforded a second extension of time to file a reply to the Government's opposition to Schwartz's original Section 2255 motion in this matter. In contrast, the other grounds for relief do not attack the integrity of the federal habeas proceeding.

Three of the seven grounds involve claims that have already been raised and rejected *on the merits*. First, Schwartz's attempt to add the results of a polygraph test he claims to have taken to resolve credibility issues concerning whether Judge Dalzell made faces and gestures at the jury during his trial fails because he raised these issues on direct appeal and the Third Circuit rejected this argument as "meritless" in Schwartz's direct appeal. *Schwartz*, 315 F. App'x at 422 n.6. Second, Schwartz's complaint that Judge Dalzell failed to hold an evidentiary hearing to investigate his claim that his waiver of counsel was coerced attacks the merits of his underlying conviction because these arguments have already been specifically rejected on the merits by Judge Dalzell on direct appeal and in the habeas proceeding. *See Schwartz*, 925 F. Supp.2d at 694 ("[T]he record in Schwartz's case on its face precludes *habeas* relief. . . . Thus there is no need to convene a hearing to decide his § 2255 motion."). Third, Schwartz's

6

argument that a newly available statement from his standby counsel establishes procedural defects in the § 2255 proceeding fails because the declaration describes defects in Schwartz's underlying trial and his claim for ineffective assistance of counsel therein. Granting Schwartz's motion would thus attack the merits of his conviction and not the procedural integrity of the Section 2255 proceeding. In addition, both Judge Dalzell and the Third Circuit have already rejected Schwartz's various claims for ineffective assistance of counsel *on the merits. See Schwartz*, 315 Fed. App'x at 416 (finding no violation of Schwartz's Sixth Amendment rights).

Schwartz's motion does raise a constitutional claim which he has never raised before. Specifically, he challenges Judge Dalzell's imposition of a "general sentence" even though the Third Circuit has held that such sentences are improper. *See United States v. Ward,* 626 F.3d 179, 184 (3d Cir. 2010). First, this error was of no real consequence because the sentence still fell within the statutory maximum for each of the offenses of conviction and therefore the end result – a sentence of 225 months – would be the same regardless if Judge Dalzell used a general sentence or not. Second, Schwartz cannot raise this claim in a Rule 60(b) Motion because it attacks his underlying conviction and not the procedural integrity of the habeas proceeding. It is thus barred by *Crosby* and *Pridgen*.

Two of Schwartz's grounds have no factual basis. They are thus both meritless. Schwartz's sixth ground for relief – that Judge Dalzell failed to rule on a number of issues – is belied by the record and repetitive of his request to add polygraph results. Schwartz's third ground for relief warrants more discussion, but is no more meritorious than the others. Schwartz argues that Judge Dalzell suffered from a mental infirmity while presiding over his Section 2255 proceeding. In support of this assertion – for which he provides absolutely no actual evidence – Schwartz speculates that a mental defect "could explain the constitutional error and intolerance

7

in not allowing amendment when Petitioner raised the request in his initial Section 2255 filing."
But, Judge Dalzell denied Schwartz's request for leave to amend his filing because he never filed an amendment in the 300 days he had to file a reply to the Government's response and because doing so would be futile. *See Schwartz,* 925 F. Supp.2d at 695. The Third Circuit specifically found no constitutional error in this regard when it "summarily affirm[ed] the District Court's orders" denying his request to "amend his § 2255 motion." *United States v. Schwartz*, C.A. No. 13-2131, slip op. at 1-2 (3d Cir. November 25, 2013). Nevertheless, in an abundance of caution, the Court appointed an attorney, at Schwartz's request, to investigate this claim and scheduled oral argument to address the attorney's findings. At oral argument, Schwartz's attorney confirmed that after a thorough investigation, he was unable to find any evidence to support this claim. Thus, like the rest of Schwartz's claims, this one lacks merit as well.

## B. Denial of Motion for Extension and To Amend

This leaves Schwartz's argument that the habeas court improperly denied his request for an extension of time to file a reply to the Government's brief opposing his Section 2255 habeas petition and to amend his petition. However, Judge Dalzell was well within his discretion in denying Schwartz's motion for an extension of time to amend his petition and file a reply. First, Judge Dalzell had already granted his first extension. Second, Judge Dalzell found that Schwartz had misrepresented facts in his request for a second extension. Schwartz stated he needed an extension in order to brief his habeas petition in another criminal matter, but records show that Judge Bartle denied Schwartz's habeas petition in that case a full three months before Schwartz requested an extension in this case. Third, Judge Dalzell determined that the interests of justice of justice weighed against further delay. And if there were any doubt – and there is none here that Judge Dalzell's denial was correct – the Third Circuit summarily affirmed Judge Dalzell's

8

"denial of his request for an extension of time to file his reply." *United States v. Schwartz*, C.A. No. 13-2131, slip op. at 1-2 (3d Cir. November 25, 2013).

### C. Motion to Reconsider

In addition, Schwartz's has also made a motion to reconsider this Court's August 30, 2017 Order on the basis of an intervening change in law and a mistake of fact. Schwartz argues that the Third Circuit decision to grant a Certificate of Appealibility in *United States v. Donahue*, Appeal No. 17-2391, *slip op.* Sept. 22, 2017 at 1-2 is an intervening change in law. The Order in *Donahue*, however, is not precedential. *See* Internal Operating Procedures of the United States Court of Appeals for the Third Circuit Rule 5.2. In any event, that case involved a *Brady* violation, whereas none of Schwartz's various claims involved *Brady* material. The alleged mistakes of fact are equally unavailing because the Court addressed both issues of alleged "mistakes of fact" – the Cedrone affidavit and Schwartz's "Trial Process and Government Misconduct Claims" – in the August 30, 2017 Order. Neither ground provides support for a motion for reconsideration.

### D. Sanctions

Rule 12 of the Rules Governing Section 2255 Cases provides that the Federal Rules of Civil Procedure may be applied to § 2255 petitions "to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 11 of the Rules for Civil Procedure permits the imposition of sanctions when a party files frivolous motions. *See* Fed. R. Civ. P. 11. Several Courts of Appeals have held that Rule 11 sanctions are permitted in the habeas context. *See Anderson v. Butler*, 886 F.2d 111 (5th Cir. 1989); *United States v. Quin*, 836 F.2d 654 (1st Cir. 1987); *Pouncy v. Murray*, 45 F.3d 427 (4th Cir. 1995) (table). However, in order to harmonize Rule 11 of the Federal Rules of Civil Procedure with the importance of habeas proceedings, the

9

standard for sanctions is much higher than in order civil proceedings: "The inquiry is whether the contention is utterly frivolous and whether it is asserted with no good faith belief in its validity." *Anderson*, 886 F.2d at 114.

This is Schwartz's fifth Rule 60(b) motion challenging this conviction. Like the last four, it too lacks merit. Schwartz has engaged in what countless federal judges have called an "incorrigible," *Schwartz*, 379 F. Supp. at 718 & n.2 "frivolous," *Schwartz v. Smith Barney*, 219 F. App'x 227, 228 (3d Cir. 2007), "meritless," *Schwartz*, 315 F. App'x at 422 n.6, "indundat[ing]" August 28, 1995 Order, Doc. No. 19, *Schwartz v. Kunz*, 3-cv-3736 (E.D. Pa 1995) practice of endless filings.[1] He has continued this practice in this litigation. Petitioner, Schwartz, is therefore barred from filing any further motions challenging his conviction in this

---

[1] Research discloses that Schwartz has been involved in numerous other litigations including:

The following civil actions disposed by published opinion:

*Schwartz v. Kunz*, 1996 U.S. Dist. LEXIS 3741 (E.D. Pa. 1996)
*Schwartz v. Kunz*, 2003 U.S. Dist. LEXIS 7716 (E.D. Pa. 2003)
*Schwartz v. Smith Barney*, 219 Fed. App'x 227, 228 (3d Cir. 2007)
February 11, 2008 Order, *Schwartz v. Marino*, No. 06-4781 (E.D. Pa. 2008)

The following criminal prosecutions or parole revocations (aside from the current one):
*Com. v. Schwartz*, 615 A.2d 350 (Pa. Super. Ct. 1992)
*United States v. Schwartz*, 899 F.2d 243, 245 (3d Cir. 1990) *cert. denied*, 498 U.S. 901 (1990)
*United States v. Schwartz*, 851 F. Supp. 692 (E.D. Pa.), *aff'd*, 46 F.3d 1120 (3d Cir. 1994)
*United States v. Schwartz*, 903 F. Supp. 852, 856 (E.D. Pa. 1995)
*United States v. Schwartz*, 2005 WL 834869 (E.D. Pa. 2005), *aff'd*, 315 F. App'x 412 (3d Cir. 2009)

The following lawsuits which appear to have been disposed without a published decision:
*Schwartz v. Philadelphia Nat'l Bank*, No. 88-2857 (E.D. Pa.)
*Schwartz v. Steven Kramer & Assocs.*, 1995 WL 3673, (E.D. Pa.)
*Schwartz v. Las Vegas Hilton*, No. 88-1312 (D. N.J)
*Schwartz v. Hospital of University of Pennsylvania*, No. 88-4865 (E.D. Pa);
*Schwartz v. Spatacco, Butcher Singer, Inc. Morris & Prudential Bache Securities, Inc.*, No. 89-0800292 (Phila. County Ct. of Common Pleas);
*Schwartz v. Dunmire*, No. 2:00-1140 (E.D. Pa).

In addition, Judge Dalzell noted that Schwartz instituted an action against one of his victims, Peggy Sue Dorsey, her attorney, and her attorney's receptionist, which Judge Dalzell characterized as an "obvious vehicle for Schwartz to harass and intimidate the Government's star witness, Ms. Dorsey." *Schwartz*, 379 F. Supp. 2d at 722 n.7.

standard for sanctions is much higher than in order civil proceedings: "The inquiry is whether the contention is utterly frivolous and whether it is asserted with no good faith belief in its validity." *Anderson*, 886 F.2d at 114.

This is Schwartz's fifth Rule 60(b) motion challenging this conviction. Like the last four, it too lacks merit. Schwartz has engaged in what countless federal judges have called an "incorrigible," *Schwartz*, 379 F. Supp. at 718 & n.2 "frivolous," *Schwartz v. Smith Barney*, 219 F. App'x 227, 228 (3d Cir. 2007), "meritless," *Schwartz*, 315 F. App'x at 422 n.6, "indundat[ing]" August 28, 1995 Order, Doc. No. 19, *Schwartz v. Kunz*, 3-cv-3736 (E.D. Pa 1995) practice of endless filings.[1] He has continued this practice in this litigation. Petitioner, Schwartz, is therefore barred from filing any further motions challenging his conviction in this

---

[1] Research discloses that Schwartz has been involved in numerous other litigations including:

The following civil actions disposed by published opinion:

*Schwartz v. Kunz*, 1996 U.S. Dist. LEXIS 3741 (E.D. Pa. 1996)
*Schwartz v. Kunz*, 2003 U.S. Dist. LEXIS 7716 (E.D. Pa. 2003)
*Schwartz v. Smith Barney*, 219 Fed. App'x 227, 228 (3d Cir. 2007)
February 11, 2008 Order, *Schwartz v. Marino*, No. 06-4781 (E.D. Pa. 2008)

The following criminal prosecutions or parole revocations (aside from the current one):
*Com. v. Schwartz*, 615 A.2d 350 (Pa. Super. Ct. 1992)
*United States v. Schwartz*, 899 F.2d 243, 245 (3d Cir. 1990) *cert. denied*, 498 U.S. 901 (1990)
*United States v. Schwartz*, 851 F. Supp. 692 (E.D. Pa.), *aff'd*, 46 F.3d 1120 (3d Cir. 1994)
*United States v. Schwartz*, 903 F. Supp. 852, 856 (E.D. Pa. 1995)
*United States v. Schwartz*, 2005 WL 834869 (E.D. Pa. 2005), *aff'd*, 315 F. App'x 412 (3d Cir. 2009)

The following lawsuits which appear to have been disposed without a published decision:
*Schwartz v. Philadelphia Nat'l Bank*, No. 88-2857 (E.D. Pa.)
*Schwartz v. Steven Kramer & Assocs.*, 1995 WL 3673, (E.D. Pa.)
*Schwartz v. Las Vegas Hilton*, No. 88-1312 (D. N.J)
*Schwartz v. Hospital of University of Pennsylvania*, No. 88-4865 (E.D. Pa);
*Schwartz v. Spatacco, Butcher Singer, Inc. Morris & Prudential Bache Securities, Inc.*, No. 89-0800292 (Phila. County Ct. of Common Pleas);
*Schwartz v. Dunmire*, No. 2:00-1140 (E.D. Pa).

In addition, Judge Dalzell noted that Schwartz instituted an action against one of his victims, Peggy Sue Dorsey, her attorney, and her attorney's receptionist, which Judge Dalzell characterized as an "obvious vehicle for Schwartz to harass and intimidate the Government's star witness, Ms. Dorsey." *Schwartz*, 379 F. Supp. 2d at 722 n.7.

matter unless he obtains leave of this Court for good cause or he obtains permission from a three-judge panel of the Court of Appeals to file a successive application for habeas relief. Mr. Schwartz is also warned that any further frivolous filings will result in the imposition of additional sanctions, including monetary sanctions.

An order follows.

BY THE COURT:

_____
WENDY BEETLESTONE, J.

**2/12/2018**