**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| | NO.  03-35-1 |
| v. | |
| STEVEN ALLEN SCHWARTZ | |

## <u>MEMORANDUM OPINION</u>

On April 22, 2005, following a 14-day jury trial, Petitioner Steven Allen Schwartz was found guilty of committing 16 fraud-related offenses.  These offenses included: one count of conspiracy to commit wire fraud, bank fraud and identity theft, five counts of wire fraud, nine counts of bank fraud and one count of use of fictitious name for mailing.  For the 16 charges for which Schwartz was found guilty, the court imposed a sentence of 225 months imprisonment, five years of supervised release, and over $1 million in restitution.

Schwartz thereafter filed over 25 motions for relief from his convictions.  These motions and filings included: (1) an appeal of his conviction and sentence; (2) a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure based on newly discovered evidence; (3) two motions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255; (4) four motions requesting leave to file a successive section 2255 petitions; (5) five motions under Federal Rules of Civil Procedure 54(b) and 60(b) to overturn the denial of his section 2255 petition, each of which have been determined to be successive section 2255 motions; (6) seven appeals of the denials of his section 2255 petition and the various aforementioned related motions; (6) three motions to vacate his restitution obligation; (7) two petitions for a writ of mandamus; and, (8) countless motions for reconsideration of this Court's orders.  Each of these motions for relief has been denied.

1

Relevant to the issue presently before this Court, in February 2018, Schwartz's fifth motion to reopen his Section 2255 motions was denied and he was also sanctioned for "engag[ing] in . . . an incorrigible, frivolous, meritless, inundat[ing] practice of endless filings."[1] Schwartz was barred "from filing any further motions challenging his conviction" unless he had obtained prior express permission from this Court for good cause, or from a three-judge panel of the Court of Appeals to file a successive application for habeas relief.[2]  Schwartz appealed this decision.  The Court of Appeals for the Third Circuit upheld the denial of Schwartz's 60(b) motion, but held that this Court "err[ed] in its imposition of the filing injunction" because it did not "afford[] [Petitioner] notice and opportunity to respond" before doing so.[3]  The Third Circuit advised that, "[n]othing here prevents the District Court from considering whether to re-impose a filing injunction . . . provided the court gives [Schwartz] notice and an opportunity to respond."[4] In its order, the Third Circuit vacated the February 2018 filing injunction.[5]

Following the Third Circuit's ruling and a request by Schwartz for an opportunity to be heard on the propriety of the filing injunction, the Court ordered briefing on the issue: Schwartz's brief attached 140 pages of various materials.  The Court thereafter held a hearing on the propriety of the filing injunction on June 2, 2022.  During the hearing, Schwartz was afforded an hour to argue against the reimposition of the filing injunction.  In the Government's response to Petitioner's oral argument, the Government requested an opportunity to argue the propriety of

---

[1] ECF No. 559.

[2] ECF Nos. 559, 560.

[3] ECF No. 575.

[4] *Id.*

[5] *Id.*

a broader injunction which would bar Schwartz from filing legal actions in federal court against witnesses or victims related to the instant criminal proceeding, absent a certification by Schwartz that the suit was not frivolous.  Following the hearing, this Court issued an Order directing the Parties to brief the question of whether a broader injunction was warranted—which they did.

The Government contends that its request for a broader injunction, which would bar Schwartz from not only challenging his conviction in this Court but also from filing suit against witnesses and victims in Federal Court absent a certification that the suit is non-frivolous, is warranted because Schwartz has filed "scores of complaints, petitions, motions, and other pleadings directed at witnesses and victims in this case, before numerous district judges."  The Government, however, only cites to one such case which Schwartz filed against an "April Taylor."  Schwartz contends that his suit against Taylor and his other lawsuits, were and have been meritorious, which is evidenced by the fact that he has prevailed in some of these various litigations.

The narrower injunction would bar Schwartz from filing further challenges to his conviction absent a finding of good cause.  Schwartz contends that such a filing injunction should not be reimposed because his motions pursuant to Section 2255 and Rule 60(b) were not frivolous and were not made to harass the Court.  Rather, he contends that this Court misinterpreted his prior Motions due to a "disqualifying bias" and that this Court and other judges in this District are part of a larger, unspecified conspiracy with the Government and, to borrow Schwartz's words, a so-called "giant in the Philadelphia Legal Community by the name of Ronald P. Shiller[*sic*]."  In support of these arguments, Schwartz argues that certain of his prior claims were thoroughly researched and are meritorious.  This list includes his claims that: (1) Judge Dalzell suffered from a mental infirmity; (2) Judge Dalzell behaved inappropriately

while presiding over his trial and Schwartz ought to be permitted to expand the record to include

testimony from a polygraph examiner to resolve issues regarding Schwartz's credibility; (3)

Schwartz should also be allowed to expand the record to include "statements from counsel"; (4)

Schwartz should be allowed to expand the record to include evidence that he suffered from

"physical limitations;" and, (5) that the Government stole an unidentified "critical document."  In

Schwartz's view, the imposition of a filing injunction is an impediment to his right of access to

the Court, is "libelous" and will "cause Petitioner to suffer irreparable harm."  Despite

Schwartz's representations that his claims are meritorious, each of them has been previously

considered and determined to be without any merit by either this judge, the judge who presided

over his conviction and his original post-conviction motions, or the Court of Appeals for the

Third Circuit.

Considering first his allegations of a conspiracy and bias on the part of this Court,

Schwartz has previously filed six motions for recusal against both judges who have presided over

this case.  Each includes vague and conclusory accusations without any proof or particularized

facts and has thus been denied and found to be baseless.  Indeed, his last Motion for recusal

relied in part on a false statement that this Court had previously recused itself in another

proceeding concerning a member of Schwartz's family.[6]  Without any facts or evidence to

support his complaints, Schwartz's theories of conspiracy and disqualifying bias boil down to

mere dissatisfaction with court rulings.

Schwartz's arguments regarding the merits of his prior motions for relief similarly do not

show that reimposing the filing injunction would be improper.  Though Schwartz contends that

---

[6] *See* ECF No. 583 (incorrectly stating that this Court recused itself due to bias from a separate civil lawsuit that
Schwartz's mother filed against Robert Schlacter (17-cv-3627)).

each of the claims raised in his brief was well-researched, sufficient to overturn his conviction and demonstrate that an injunction barring him from filing further motions would be improper, each of these claims has in fact been previously considered, some multiple times, and found to be baseless.

Schwartz's claim regarding Judge Dalzell's mental infirmity was previously considered in this Court's decision on his Fifth Rule 60(b) Motion.  Though Schwartz provided no evidence in support of this claim, in an abundance of caution the Court appointed an attorney, at Schwartz's request, to investigate this claim and scheduled oral argument to address the attorney's findings.  *See United States v. Schwartz*, 2018 WL 847767, at *4 (E.D. Pa. Feb. 12, 2018).  At oral argument, the attorney confirmed that after a thorough investigation, he was unable to find any evidence to support this claim.  *Id.*  The Court thus concluded that this attack on Schwartz's conviction was unfounded.  *Id.*  In that same opinion, the Court considered and rejected Schwartz's claim regarding Judge Dalzell's allegedly inappropriate behavior at trial and request to expand the record to introduce testimony from a polygraph examiner as "meritless." *Id.*  This argument had also been previously made to the Third Circuit on the direct appeal of his conviction and sentence and was also rejected.  *See United States v. Schwartz*, 315 F. App'x 412, 422 n.6 (3d Cir. 2009).

Schwartz's other requests to introduce new evidence into the record have also been considered and denied.  His arguments that the statements of his standby counsel establish that there were procedural defects in the Section 2255 proceedings were considered in this Court's denial of Schwartz's third, fourth and fifth Rule 60(b) motions.  *United States v. Schwartz*, 2018 WL 847767, at *4.  The Court found that this argument did not merit reopening his Section 2255 petition and proceedings because these statements went to the *merits* of his conviction, and not

5

the procedural integrity of the 2255 proceeding.  *Id.*  As the Court explained in its decisions, motions under Rule 60(b) to reopen habeas petitions under Section 2255 are proper only if they attack a defect in the integrity of the federal habeas proceedings, rather than the resolution of a claim on its merits.  *Id.* at \*3.

Schwartz's second argument to supplement the record with evidence of his own medical issues were briefed and considered four times:  first, in a supplemental submission in support of his motion for reconsideration of the denial of a further extension of time to file a reply brief to the Government's opposition to his original section 2255 petition,[7] second, in his June 17, 2016 motion for leave to supplement the record,[8] third, in his reply brief to his third and fourth Rule 60(b) motions,[9] and fourth, in his motion to reconsider the denial of his motion to supplement the record.[10]  The arguments advanced in each of these motions were carefully considered and determined to lack merit.  Accordingly, the requested relief was denied in all these motions.[11]

Schwartz's final claim that the Government stole a "critical document" has also been thrice raised in his direct appeal of his conviction, his original habeas petition and his fourth Rule 60(b) motion.[12]  The Court and the Third Circuit[13] found that this claim did not provide any basis for post-conviction relief and, in ruling on his Rule 60(b) motion, found that there was no defect

---

[7] ECF No. 444.

[8] ECF No. 489.

[9] ECF Nos. 532, 534.

[10] ECF Nos. 533, 534.

[11] ECF No. 447 (Order denying motion for reconsideration of order denying extension of time to file reply brief); ECF No. 500 (order denying ECF No. 489 motion to Supplement record); ECF No. 541 (order denying third and fourth 60(b) Motions); ECF No. 542 (order denying motion for reconsideration).

[12] ECF No. 422 at 72-73; *Schwartz*, 315 F. App'x at 422 n.6 (3d Cir. 2009); ECF No. 503; ECF No. 541 (order denying third and fourth 60(b) Motions).

[13] *Schwartz*, 925 F. Supp.2d 663, 691-93 (E.D. Pa. 2013).

in the integrity of the section 2255 proceedings in the consideration of this argument.

Schwartz's brief on the propriety of a filing injunction almost exclusively relies on the merits of arguments that have already been litigated.  In sum and substance, therefore, his motion seeks to relitigate settled decisions and amounts to an inordinately untimely omnibus motion for reconsideration.  This pattern was repeated in a rambling recitation by Schwartz at a hearing held on June 2, 2022 regarding the propriety of a filing injunction.  In the thick of his arguments, Schwartz misses the issues relevant to a determination to impose a filing injunction as a sanction under Rule 11.

The Third Circuit has stated that, "[i]t is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court."  *Brubaker Kitchens, Inc. v. Brown*, 280 F. App'x 174, 185 (3d Cir. 2008) (internal citation omitted).  Filing injunctions, however, are "extreme remedies" that should be used "sparingly."  *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989).  For a filing injunction to be proper, the court must determine that: (1) the litigant was afforded notice and an opportunity to explain why the proposed injunction should not issue; (2) the litigant engaged in a "continuous abuse of the judicial process by filing meritless and repetitive actions"; and, (3) a carefully tailored injunction to fit the circumstances of the case.  *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).

Applied to this case, an injunction barring Schwartz from filing further challenges to his conviction satisfies all three factors and should be reimposed, whereas the broader injunction barring Schwartz from filing lawsuits is not warranted upon the instant record.  The first requirement—that Schwartz be provided notice and an adequate opportunity to explain why an injunction should not issue— has been provided for both injunctions at issue.  Schwartz was

given three-weeks to prepare a brief on the narrower injunction and submitted over 140 pages of materials to support his argument and was given further opportunity to press his position at a hearing held on June 2, 2002.  Similarly, Schwartz was given over a month's time to prepare a brief against the broader injunction and submitted a 10-page brief in opposition to the Government's request.

Only the narrower injunction, however, satisfies the second requirement—that the litigant engaged in a "continuous abuse of the judicial process by filing meritless and repetitive actions." Though the Government contends that the broader injunction is merited because Schwartz has filed "scores of complaints" it has only identified one suit Schwartz brought against April Taylor.  Although there is no reason to question the Government's representations as to the volume and merit of Schwartz's actions, the Government has not provided a list or otherwise identified these suits.  It has thus not carried its burden to demonstrate that Schwartz has in fact filed "scores" of vexatious and meritless lawsuits.  *See, e.g.*, *United States v. Dupree*, 617 F.3d 724, 728 (3d Cir. 2010).  Absent some citation to these "scores" of cases, and explanation of why they are devoid of merit, it is not possible to determine if these suits were "meritless", "repetitive" or otherwise constituted a "continuous abuse of the judicial process."

Schwartz's behavior to date in this case, however, can only be described as "a continuous abuse" of this Court and its resources through the filing of "meritless and repetitive actions."  Rule 11 "was designed to prevent abuse."  *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987) (citing Fed. R. Civ. P. 11, advisory committee's notes to 1983 amendment). Repeated attempts to "relitigate issues that have been conclusively decided and affirmed . . . is the very abuse that Rule 11 seeks to deter."  *Shawe v. Potter Anderson & Corroon LLP*, 2017 WL 6397342, at *4 (D. Del. Dec. 8, 2017).  "When a district court is confronted with a pattern of

8

conduct from which it can only conclude that a litigant is intentionally abusing the judicial

process and will continue to do so unless restrained . . . it is entitled to resort to its power of

injunction and contempt to protect its process." *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d

Cir. 1990). *Pro se* litigants are not immune from the sanctions available under Rule 11. *See*

*Brow*, 994 F.2d at 1038; *Skoorka v. Kean Univ.*, 2017 WL 6539449, at *3 (D.N.J. Dec. 21,

2017). While *pro se* litigants are given greater leeway in following the technical rules governing

pleading and procedure, *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir.

2012) (quoting *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993)), they are not wholly

excused from the requirements imposed on counseled litigants or by the law to litigate as they

desire. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

      As already explained, Schwartz has filed over twenty-five motions seeking relief from his

conviction—all of which have been considered and none of which have been found to have any

merit. Often, Schwartz filed motions while his other motions were still pending a decision, or

immediately after they were denied. Indeed, his recent practice of filing motions pursuant to

Rule 60(b) to reopen his habeas petition can only be interpreted as an effort to perform an end

run around the limits on filing successive habeas petitions imposed by the Antiterrorism and

Effective Death Penalty Act of 1996. This law severely curtailed the availability of habeas relief

for prisoners, and in relevant part, requires that a second or successive habeas motion may only

be filed if it is certified by a panel of the respective Court of Appeals and the petition itself

results from "newly discovered evidence" or a "new rule of law." 28 U.S.C. § 2253. Rule 60(b)

of the Federal Rules of Civil Procedure allows a court to "relieve a party or its legal

representative from a final judgment, order or proceeding" for six enumerated reasons. *See* Fed.

R. Civ. P. 60(b). The Supreme Court has made clear that a Rule 60(b) Motion should be a

considered a successive habeas petition in most instances and should be denied when permitting

such a motion would "circumvent the requirement that successive habeas petition be pre-certified

by the court of appeals. . . ." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005).  A Rule 60(b)

motion that follows an earlier section 2255 petition is proper only where it attacks a procedural

defect in the federal habeas proceedings. *Id.*; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir.

2004).  If instead the motion "attacks the federal court's previous resolution of a claim *on the*

*merits*," then the motion is improper.  *Crosby*, 545 U.S. at 532 (emphasis in original).

  The Court has laid out this framework clearly in each of its decisions denying Schwartz's

Rule 60(b) motions and has made equally clear that all of Schwartz's motions have not

challenged procedural defects in the habeas proceedings but have instead attacked his conviction

on the merits.  His motions have thus been determined to be successive section 2255 petitions,

only masquerading as Rule 60(b) motions to avoid the harsh restrictions imposed by Congress in

the Antiterrorism and Effective Death Penalty Act.  Schwartz has neither listened nor exhibited

any regard for the laws which govern his habeas petitions or to this Court's orders deciding

issues he unrelentingly persists in relitigating.  Schwartz's behavior in repeatedly "relitigat[ing]

issues that have been conclusively decided and affirmed . . . is the very abuse that Rule 11 seeks

to deter." *Shawe*, 2017 WL 6397342, at *4.  His conduct therefore satisfies the second

requirement for a filing injunction, that the litigant engaged in a "continuous abuse of the judicial

process by filing meritless and repetitive actions."  *See Brow*, 994 F.2d at 1038.[14]

  As with the second requirement, the broader injunction fails to satisfy the third

---

[14] Nonetheless, Schwartz argues that an injunction is not necessary because he has not filed a motion challenging his conviction in the last 53 months.  In that same brief, however, Schwartz suggests that he may file additional motions because he has allegedly "uncovered truly astonishing evidence that established breath-taking fraud executed by the Government in pre-trial, trial and 2255 processes that Petitioner never knew existed."  In any event, the contemplated injunction would not materially prejudice Schwartz because if the evidence he has discovered is as "astonishing" as he represents it to be, then there could possibly exist good cause to obtain this Court's permission to file a challenge.

requirement that an injunction be "carefully tailored injunction to fit the circumstances of the case."  Injunctions of the breadth the Government requests against Schwartz are imposed where a litigant filed a multitude of lawsuits and knew the issues and claims raised therein were meritless as they had been previously ruled upon.  *See, e.g.*, *Abdul-Akbar*, 901 F.3d at 331, 333. Here, however, the Government has not argued that the issues and claims raised in Schwartz's various litigations were repetitive, only that they were "harassing . . . against persons who were witnesses and victims" in his criminal case.  Absent some showing that these suits relitigated adjudicated claims and that Schwartz knew of their frivolity, it does not appear that the kind of exigent circumstances to warrant the imposition of the injunction the Government seeks exist here.  *See, e.g.*, *Brow*, 994 F.2d at 1038 (holding that the imposition of a filing injunction constituted an abuse of discretion where the record did not demonstrate that the petitioner had "continually attempted to relitigate adjudicated claims" or "repeatedly file[d] baseless actions.").

On the other hand, the narrower injunction barring Schwartz from filing any further motions challenging his conviction unless he obtains express permission to do so is appropriately tailored.  The injunction is limited to Schwartz's abusive motion practice challenging his conviction, and in fact largely adheres to the restrictions already imposed on successive post-conviction motions by the Antiterrorism and Effective Death Penalty Act.  Furthermore, the filing injunction does not preclude Schwartz's right of access to the courts, as Schwartz may still challenge his conviction if he is granted leave to do so.  The Third Circuit has upheld similar injunctions, reasoning that such limits "strike[] a good balance between the right of the litigant to access to the courts, the right of parties to previous litigation to enjoy the repose of *res judicata,* and the right of taxpayers not to have a frivolous litigant become an unwarranted drain on their resources."  *Matter of Packer Ave. Assocs.*, 884 F.2d at 748.

11

For these reasons, the Government's Motion for a broader injunction barring Schwartz from filing additional lawsuits shall be denied.  However, the narrower injunction barring Schwartz from filing further motions to challenge his conviction is appropriate and shall be reimposed.  Petitioner Steven Schwartz shall therefore be barred from filing any further motions challenging his conviction without prior express permission from this Court for good cause, or from a three-judge panel of the Court of Appeals to file a successive application for habeas relief.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*
_____
**WENDY BEETLESTONE, J.**

12